IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

MICHAEL TELLIHO,

      Plaintiff,

v.                                    C.A. No.:    7:19-cv-178

ADVANCED BUILDING SERVICES, LLC,
and HERMAN A. STUART, JR.,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL TELLIHO (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, sues Defendants, ADVANCED BUILDING SERVICES, LLC, and HERMAN A. STUART, JR. (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against his employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, ADVANCED BUILDING SERVICES, LLC, has offices or conducts business in Midland County, Texas.

## THE PARTIES

4.      Plaintiff, MICHAEL TELLIHO, is an individual residing in Ward County, Texas.

5.      Plaintiff, MICHAEL TELLIHO, was employed by Defendants from November 17, 2017, to the present as an "Electrician/Technician," at the weekly salary of $1,273.08 per week.   Plaintiff's principle duties were to repair and maintain electrical equipment, perform general plumbing and carpentry work for Defendants' customers, who are primarily oil and gas producers.

6.      Defendant, ADVANCED BUILDING SERVICES, LLC, is a limited liability company existing under the laws of the State of Louisiana and maintains offices in Midland County, Texas.

7.      Defendant, ADVANCED BUILDING SERVICES, LLC, is a company that primarily operates a general contracting business and is an employer as defined by 29 U.S.C. § 203(d).

8.      Defendant, HERMAN A. STUART, JR., is an individual residing in Lafayette, Louisiana.

9.      Defendant, HERMAN A. STUART, JR., is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendant, ADVANCED BUILDING SERVICES, LLC, in relationship to Plaintiff's employment; therefore, is a joint employer as defined by 29 U.S.C. § 203(d).

10.      Defendant, HERMAN A. STUART, JR., (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

11.      Defendant, ADVANCED BUILDING SERVICES, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff were employed.

12.      At all times material to this complaint, Defendant, ADVANCED BUILDING SERVICES, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13.      At all times material to this complaint, Defendant, ADVANCED BUILDING SERVICES, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14.     At all times material to this Complaint, Defendants were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

15.     Plaintiff was individually engaged in commerce and produced goods for commerce and his work was directly and vitally related to the functioning of Defendants' business activities.   Specifically, Plaintiff performed work relating to the production of oil and gas products for interstate commerce.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

16.     Plaintiff 1) occupied a position as an Electrician; 2) did not hold a position considered as exempt under the FLSA; and, 3) was paid on a salary basis.

17.     Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

18.     While Plaintiff was paid for some of his overtime work, Defendants did not pay Plaintiff for all of his overtime work in accordance with the FLSA.

19.     Specifically, Defendants engaged in a pattern and practice of reducing Plaintiff's work time (also known as "shaving hours") by as many as thirty (30) hours per workweek.

20.     Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times his regular rate of

pay for each hour worked in excess of 40 in a workweek.

21.    The work schedules for the Plaintiff required him to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

22.    Defendants' policy of not properly paying overtime is company-wide and was willful.

23.    Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

24.    Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25.    The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

26.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by

bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal

Rules of Civil Procedure.

WHEREFORE, Plaintiff, MICHAEL TELLIHO, demands Judgment against

Defendants, jointly and severally, for the following:

a.   Awarding Plaintiff his compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b.   Awarding Plaintiff his pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c.   Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d.   Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, MICHAEL TELLIHO, demands a jury trial on all issues so triable.

Respectfully submitted this July 19, 2019.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**

Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**